J-S70018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TRACEY WHITAKER | |
| Appellant | No. 369 EDA 2016 |

Appeal from the PCRA Order January 12, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001147-1994

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 10, 2016**

Tracey Whitaker appeals *pro se* from the order entered on January 12, 2016, denying him relief, without a hearing, on this, his **eighth** petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. The PCRA court determined the petition was untimely. Whitaker raises two issues in this timely appeal.  First, he claims his petition was timely pursuant to the dictates of **Alleyne v. United States**, ___U.S.___, 133 S.Ct. 2151, 186 L.Ed.2 314 (2013) and **Montgomery v. Louisiana**, ___U.S.___, 136 S.Ct. 718, 193 L.Ed.2 599 (2016).   The second argument is incomprehensible.[1]   The PCRA court determined the petition was untimely

_____

[1] The argument appears to encompass a claim that his sentence is unconstitutional because the trial court failed to charge the jury pursuant to
*(Footnote Continued Next Page)*

and Whitaker did not plead and prove entitlement to any of the statutory exceptions to the PCRA's one-year jurisdictional time limit. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Whitaker was found guilty by a jury of first-degree murder, and related charges, regarding the beating death of nine-month-old Robert Pringle, his girlfriend's son. Whitaker, who was not subject to the death penalty, was subsequently sentenced to a mandatory sentence of life imprisonment. He filed a direct appeal and this Court affirmed the judgment of sentence of on August 15, 1995. *Commonwealth v. Whitaker*, 668 A.2d 1199 (Pa. Super. 1995) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal on January 26, 1996. *Commonwealth v. Whitaker*, 672 A.2d 307 (Pa. 1996). Whitaker's sentence became final 90 days later, April 25, 1996, when time expired to seek review by the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. As noted above, the instant petition is Whitaker's eighth PCRA petition. The prior seven petitions were all denied as being untimely, except for petition

_(Footnote Continued)_ ─────────────

18 Pa.C.S. § 9711, regarding mitigating and aggravating circumstances to determine whether he would receive the death penalty. Whitaker was not subject to the death penalty.

number five which was filed while the appeal from petition number four was still pending.[2]

Our standard of review for the denial of PCRA relief is well settled.

> In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error.

*Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

Before we may address the substantive claims of any PCRA petition, we must determine if PCRA court correctly found the petition to be untimely.

> The PCRA requires that a petition seeking relief thereunder must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A § 9545(b)(1); *Commonwealth v. Jones*, 617 Pa. 587, 54 A.3d 14, 16 (2012). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545. This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies. *Jones*, 54 A.3d at 16. These exceptions are:

> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] Whitaker filed at least five petitions for habeas corpus with the federal courts, all of which afforded Whitaker no relief.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

***Commonwealth v. Cox***, ___ A.3d ___, 2016 WL 5416327, at *4-5 (Pa. 2016).

Section 9545 places an additional restriction on entitlement to any of the three timeliness exceptions, "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been filed." 42 Pa.C.S. § 9545(b)(2).

Whitaker now claims he is entitled to the retroactive application of ***Alleyne v. United States, supra***, pursuant to section 9545(b)(1)(ii) and (iii). Whitaker's claims fail for the following reasons.

First, the ***Alleyne*** decision was filed on June 17, 2013 and Whitaker filed the instant PCRA petition seeking application of ***Alleyne*** in October 16, 2014. The 16-month gap between ***Alleyne*** and this petition is well past the 60 days allowed by section 9545(b)(2). Therefore, the petition is untimely. However, Whitaker also asserts that while the resolution of this petition has been pending, the United States Supreme Court issued the decision in

- 4 -

*Montgomery v. Louisiana*, *supra*, that requires the retroactive application of *Alleyne*. Whitaker's claim still fails for a number of reasons.

Second, despite his bald assertions to the contrary, the *Alleyne* decision is not applicable to the mandatory sentence of life imprisonment imposed on an adult convicted of first-degree murder. The statutory requirements for sentencing on a conviction for first-degree murder are as follows:

> (1) Except as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S. § 1102(a)(1).[3]

*Alleyne* held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne* 133 S.Ct. at 2155. Except in capital cases, the verdict itself suffices to trigger the application of section 1102 and no finding other than the verdict itself, which is the product of a finding beyond a

---

[3] At the time Whitaker was sentenced, section 1102 did not contain the provision regarding persons under the age of 18. This provision does not apply to Whitaker.

reasonable doubt, is necessary to impose the sentence such as Whitaker received. Accordingly, the foundation of Whitaker's argument, his entitlement to the application of *Alleyne*, is patently false.

In any event, *Alleyne* is applicable only to those criminal cases that were still pending on direct review. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Whitaker's judgment of sentence became final on April 25, 1996, when time expired for seeking relief from the United States Supreme Court. As such, his case was not pending when the *Alleyne* decision was filed in 2013.

Further, *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 728 (2016) requires the retroactive application of new substantive or watershed procedural rules, not the retroactive application of all new constitutional pronouncements as posited by Whitaker. *See* Appellant's Brief at 8. In *Commonwealth v. Washington*, 142 A.2d 810 (Pa. 2016), the Pennsylvania Supreme Court determined the *Alleyne* decision was neither a new substantive nor watershed procedural rule. Accordingly, *Montgomery* does not require retroactive application of *Alleyne* on collateral review.

As initially noted, Whitaker's second claim is incomprehensible. We quote Whitaker's "Questions Involved."

> II. Did PCRA court erred in not addressing the constitutionality of the unlawful statute that authorized the judge to imposed sentence not declared by a jury, in violation of his 14th and 6th Amendment, in conjunction to Article I, sections 9, 7, and 10 of

- 6 -

both constitutions, where the sentencing court never instruct the jury in accordance to 18 Pa.C.S. Section 1311, 42 Pa.C.S. Section 9711, and 18 Pa.C.S. Section 1102, where trial court unlawfully imposed a automatic life sentence under 42 Pa.C.S. Section 9715, in face of illicit mandates under 18 Pa.C.S. Section 1102(a)?

Appellant's Brief at 4.

This argument appears to claim the trial court failed to charge the jury regarding aggravating and mitigating circumstances as required when the jury is to determine whether a defendant shall be sentenced to death. First, the argument, as presented in Whitaker's brief is no more understandable than the question quoted above. Second, Whitaker was not subject to the death penalty. Because the argument is incomprehensible, it represents an undeveloped argument and is therefore waived. *Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa. Super. 2014) (undeveloped arguments are waived).

In light of the foregoing, we find no error of law or abuse of discretion by the PCRA court in denying Whitaker's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2016

- 7 -